## Mackall S. Cox *vs.* Jones, Surv'g Ex'r of Darnall.— *December*, 1832.

It is only upon the case made in the pleadings that a plaintiff can ever recover ; it is always necessary therefore, that the declaration should set out a good and sufficient cause of action, to be judged of by the court.

Where a declaration professed to be founded on a decree in chancery for the payment of money, and sets out certain mutilated proceedings in chancery, which show no such decree, nor whether there ever was a final decree in the cause, it cannot be the foundation of a judgment for the plaintiff.

An action at law will not lie to enforce a decree in chancery, within the territorial jurisdiction of the Chancery Court.

Appeal from *Prince George's* County Court.

This was an action of *Debt*, instituted by the appellee, against the appellant, on the 21st of March, 1825. The declaration set forth the institution of a suit in chancery—that it was subsequently referred by the Chancellor to the auditor, to state an account between the parties, with the usual power to take proofs ; that the auditor gave notice, and after several adjournments, hearing parties and proofs, stated and returned an account to the Court of Chancery, by which the complainants were indebted to the defendant in chancery, $1233 80, &c. ; that his report was confirmed by the Chancellor ; that this decree of the Chancellor was still in force ; that the defendant in chancery had not obtained execution upon such decree, and that the amount thereof is still unpaid, whereby an action accrued, &c.

The defendant pleaded *nul tiel record*, and payment, to which issues were taken.

1. At the trial of the issue before the court, upon the plea of *nul tiel record*, it was contended for the defendant. 1. That there was an essential variance between the plaintiff's declaration and the report of the auditor, and the Chancellor's order thereupon ; that all the material parts of the said report and order, were not substantially set forth in the said declaration. 2. That no recovery in this action could be had, because the order, or decree of the Chancellor, was not a final decree, and the case in which the same was made, is still pending in the Chancery Court:

But the court (KEY and PLATER, A. J.,) overruled the objections, being of opinion that there was no material variance between the declaration and the said report and order, and that it was competent for the plaintiff to recover upon them in this action. The report and orders not being material in the view taken by the appellate court, are omitted.

The defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause came on to be argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Alexander,* for the appellant.

*Brewer,* for the appellee.

BUCHANAN, Ch. J., delivered the opinion of the court.

The pleadings in this case are so exceedingly irregular, and the record is in so confused a state, that it has been found difficult to make any thing out of it. This much however, we have been able to discover, that it is an action of debt, upon what is stated in the declaration to be a decree in chancery, for a sum of money, against *Mackall S. Cox,* the appellant, in favor of *John Darnall,* the testator of the appellee. And that which is set out in the declaration, as the decree which the suit was brought to enforce, appears to have been an order for an account in some proceeding, it does not appear what, instituted by *Mackall S. Cox,* against *Notly Maddox,* and *John Darnall,* in pursuance of which an account was stated by the auditor, showing there was a debt due from *Cox,* the complainant, to the defendant, *John Darnall.* What further proceedings there were in the cause, or how, or whether it ever was finally disposed of, is not stated in the declaration. Upon that declaration, the court determined that the appellee, the plaintiff below, was competent to recover.

It is only upon the case made in the pleadings, that a plaintiff can ever recover; it is always necessary therefore,

that the declaration should set out a good and sufficient cause of action, to be judged of by the court.

There is no such cause of action set out in this declaration. If in any case a decree in chancery, could be enforced by an action at law, within the territorial jurisdiction of the court of chancery, this is not such a case. The declaration professes to be founded on a decree in chancery, for the payment of money, and sets out certain mutilated proceedings in chancery, which show no such decree, nor whether there ever was a final decree in the case. It does not therefore set out a good and sufficient cause of action, but is bad upon the face of it, for want of a sufficient cause of action being stated. But it has been decided by this court, that an action at law will not lie to enforce a decree in chancery, within the territorial jurisdiction of the Chancery Court. And if the declaration did well, and sufficiently set out, a regular and final decree of the Court of Chancery of this State, for the payment of money, the action could not be sustained.

JUDGMENT REVERSED.